## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GORSS MOTELS, INC., a Connecticut corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:17-cv-00010 |
| | ) | |
| v. | ) | **CLASS ACTION** |
| | ) | |
| LANDS' END, INC., a Wisconsin corporation, and JOHN DOES 1-5, | ) ) | |
| | ) | |
| Defendants. | ) | |

## LANDS' END, INC.'S MOTION FOR SUMMARY JUDGMENT

Lands' End, Inc. ("Lands' End") moves for summary judgment with regard to all claims of Gorss Motels, Inc. ("Gorss"). In support of this Motion, Lands' End relies on its accompanying Memorandum of Law and Statement of Undisputed Material Facts as well as the Declarations of Adam R. Doherty, Suzanne Fenimore, Andrew Gattuso, Christine Steup and Tracy Ripa filed herewith.

As a franchisee of Wyndham Hotel Group ("Wyndham"), Gorss agreed to participate in a program by which Wyndham provided information about "Approved Suppliers" that offered goods and services meeting Wyndham standards. As part of this "Approved Supplier Program," over the course of many years, Wyndham (through a subsidiary) sent many faxes to Gorss, including three that referenced clothing offered by Lands' End, Inc. ("Lands' End"). Gorss asserts that those three faxes violate the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Protection Act of 2005, 47 U.S.C. § 227, *et seq*. and the Connecticut Junk Fax Statute, Conn. Gen. Stat. § 52-570c.

However, the statutes invoked by Gorss do not apply to solicited faxes or to welcoming recipients, such as Gorss.  Thus, the claims fail as a matter of law for several reasons.

First, the faxes were solicited.  Throughout its time as a Wyndham franchisee, Gorss repeatedly provided its fax number to Wyndham and gave Wyndham permission to send the faxes at issue in this case (not to mention the faxes at issue in the other twenty-plus class actions Gorss has filed).  Indeed, in one of Gorss's other class actions against a different Wyndham Approved Supplier, the court already held that Gorss's TCPA claim fails as a matter of law because it consented to receive faxes from Wyndham Approved Suppliers.  *Gorss Motels, Inc. v. Safemark Sys.*, L.P. No. 16-1638 (M.D. Fla. Nov. 15, 2018), *appeal pending*, 18-15232 (11th Cir.)  ("Gorss [Motels] agreed that it could be contacted by [Wyndham] affiliates in regard to purchasing items for its hotels.").  And in other TCPA cases such as this, where a plaintiff provides its fax information to one entity with the expectation that it will be provided to and used by the defendant, courts have not hesitated to find express permission.  *See e.g.*, *Travel 100 Grp. Inc. v. Mediterranean Shipping Co.*, 383 Ill. App. 3d 149, 158-59 (1st Dist. 2008) (third party had permission to send fax advertisements where plaintiff's fax number was provided to an industry network of which it was a member, even though it was not provided to the industry supplier who actually sent the fax).  Since the faxes at issue were solicited, the TCPA does not prohibit them and, as explained by the D.C. Circuit in *Bais Yaakov of Spring Valley v. FCC*, 852 F.3d 1078 (D.C. Cir. 2017), they need not include any opt-out language at all.

Second, even if the faxes were not solicited, Gorss lacks standing to pursue TCPA claims against Lands' End.  Article III standing requires a causal relationship between alleged TCPA violations and alleged TCPA damages – loss of paper, toner, ink and time.  But in this case, Gorss's president (and owner, manager and decision-maker) admits that it had no intention to opt

out of the Wyndham fax program.  The evidence also establishes as a matter of law that Gorss lacks prudential standing because it falls outside the zone of interest of the TCPA's protections. The TCPA was never intended to protect a professional plaintiff who could have stopped receiving the faxes, but instead chose to collect faxes for years for the express purpose of manufacturing lawsuits against Approved Suppliers.

Third, if for some reason any part of Gorss's TCPA claim survives, this Court should at the very least grant summary judgment on Gorss's claim for treble damages, which are only available where the sender of a fax "willfully or knowingly" violates the TCPA.  There can be no dispute that Wyndham had final authority to approve the faxes and provided to Lands' End the disclaimer and opt-out language.  And of course, it was Wyndham, (through a subsidiary and its vendors) that sent the faxes, not Lands' End.  Moreover, Lands' End participated in the fax program based on Wyndham's advice that it was an effective means of communicating with its franchisees, which agreed to receive the faxes.  Based on this record, any claim for treble damages fails as a matter of law.

Finally, Lands' End cannot be held liable under the Connecticut Junk Fax Act for all the same reasons that it cannot be liable under the TCPA *and* for the additional reason that Lands' End did not actually send the faxes (unlike the TCPA, the Connecticut Junk Fax Act does not provide for liability against the person or entity whose goods or services are referenced in a fax sent by a third party).

WHEREFORE, Lands' End respectfully requests that this Court grant this Motion and enter judgment in its favor on all of Gorss's claims.

Respectfully submitted,


/s/ Christopher L. Jefford
_____

Christopher L. Jefford
Bonner Kiernan Trebach & Crociata, LLP
100 Peral Street, 14th Floor
Hartford, CT 06103
800-840-5087
(fax) (860) 249-8800
Federal I.D. No.: 26975
cjefford@bonnerkiernan.com

Daniel P. Tighe (*pro hac vice*)
dpt@dcglaw.com
Donnelly, Conroy & Gellhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
T: 617-720-2880
F: 617-720-3554

Adam R. Doherty (*pro hac vice*)
adoherty@princelobel.com
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

**Counsel for Defendant Lands' End, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

   I, Christopher L. Jefford, hereby certify that on June 26, 2019 a true copy of the above document was filed electronically and served by e-mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

        /s/ Christopher L. Jefford___
        Christopher L. Jefford